## CIRCUIT COURT OF THE CITY OF RICHMOND

Ailaher Brogdon, III,
an infant by
Denise G. Jenkins,
his legal guardian
and next friend

v.

Rashaun C. Clark,
Farmer's Insurance Co.,
Victoria Insurance Co.,
and State Farm Insurance Co.

August 19, 2003

Case No. CH03-976(4)

BY JUDGE MELVIN R. HUGHES, JR.

In this suit for declaratory relief, the question is which of several insurers owe coverage arising out of an automobile accident which occurred on April 3, 1999, in Charlotte County, Virginia.

On that date, plaintiff, aged 14, was a passenger in an automobile which was operated by Rashaun C. Clark. Plaintiff has filed suit against Clark seeking $1,000,000.00. Clark's liability insurance carrier, Progressive Insurance, has issued a policy covering Clark for up to $25,000. In this suit, plaintiff has named three other insurers seeking a determination of whether these carriers also owe coverage under their respective underinsured motorist coverage provisions. The issues revolve around whether plaintiff is a member of the household of several relatives and thereby an insured under policies issued to his stepfather, grandfather, and biological father.

The parties agree that plaintiff's biological mother has legal custody of plaintiff after the parents divorced. Plaintiff's biological father, Ailaher Brogdon, Jr., has liberal visitation under an agreement between the two

parties. Since the divorce, plaintiff has resided primarily with his mother and step-father (who is insured by Farmers Insurance). Plaintiff visits his father at least one weekend a month and during holidays, such as Christmas, Thanksgiving, and Easter. In addition, plaintiff has frequently spent the entire three months of his summer vacation with his father.

Plaintiff's father lives in the home of his parent, plaintiff's grandfather, Ailaher Brogdon, Sr. Therefore, when the plaintiff goes as scheduled to visit his father, he lives for that time in the home of his grandparents. The parties agree that, each time plaintiff came to visit his father, he brought his clothes and toys with him, most of which he took back at the end of his vacation. Plaintiff did leave some of his belongings at his grandfather's place such as a toothbrush, clothes, and wall posters in the room he shared with his cousin.

State Farm Insurance insures plaintiff's grandfather. State Farm maintains that plaintiff is not a resident, but a visitor, at his grandfather's household and therefore is not covered by the grandfather's underinsured motorist carrier policy.

Victoria Insurance insures plaintiff's biological father. Victoria maintains that plaintiff is with his father while on visitation, that the father does not have legal custody of plaintiff, and the father did not claim plaintiff as a dependent on his tax returns since the divorce. Therefore, plaintiff is not a resident under his father's uninsured motorist carrier policy.

Plaintiff claims, as noted, that he resided with his father in his grandfather's household for three months when school was out in the summer, visited frequently on weekends, shares closet space with his cousin at his grandfather's place, and was a member of that family also. Therefore, he contends, he is a resident of both his father's and his grandfather's households and must be covered by their respective insurance plans.

Progressive Insurance, the liability carrier for Clark, the defendant driver, and Farmers Insurance, the stepfather's insurer, concede coverage under their respective policies. Therefore, the contest is over whether plaintiff should have coverage from Victoria and State Farm.

Whether one is a member of a household and thus an insured is a question that has been before the court many times. Under the cases, the determination turns on the wording of the policy and is fact specific. *See State Farm v. Smith*, 206 Va. 280, 142 S.E.2d 562 (1965). In *Smith* the court said that the term "household" means "a collection of persons as a single group, with one head, living together, a unit of permanent and domestic character, under one roof, a 'collective body of persons living together within one curtilage, subsisting in common and directing their attention to a common object, the promotion of their mutual interests and social happiness'." *Smith* at p. 285

(*quoting Lumbermens Mut. Cas. Co. v. Pulsifer*, 41 F. Supp. 249, 251 (D. Me. 1941)). The pertinent policy language on coverage in the State Farm policy issued to plaintiff's grandfather as indicated on brief provides: "the named insured, and while residents of the same household, the spouse of the named insured spouse and relative," as insureds on the policy.

Plaintiff argues that his living arrangement, as a resident in his father's and grandfather's home in Charlotte County, though unconventional, nevertheless meets the test for declaring him a member of their respective households. He cites his father's disability, the frequency and length of his visitation with his father, and the distance he must travel, 200 miles, to get to his father's and grandfather's home as indicative of functional households of which he is a part, despite also being a member of his mother's and stepfather's household. The court will conclude that plaintiff is a member of the household of neither his father or his grandfather, under the circumstances. The court has also said that:

> household embraces a collection of persons living together as a single group with one head under one roof, a unit of permanent and domestic character.

*Furrow v. State Farm*, 237 Va. 80, 375 S.E.2d 740 (1989). The circumstances at bar do not suggest a "unit of permanent … character" as to the father's and grandfather's residence to constitute a household for either of them as to plaintiff.

The facts here differ from the case decided by Judge Johnson of this court in *Nationwide v. Robinson*, 36 Va. Cir. 193 (1995), where the court found that a sixteen year old was a member of both his father and mother's separate households. In *Nationwide*, the child was the subject of a joint custody arrangement following a divorce. The court found that the child lived on a 60/40 basis between his father and mother. The child had a room at each parent's residence with possessions roughly equal in each. It was estimated that the child lived with his mother for about 60% of the time and with his father about 40% of the time. The child spent school nights with his mother and weekend and holidays with his father and went back and forth during the summer. Here, the contacts plaintiff has with his father and grandfather can be characterized as no more than visits.

For the foregoing reasons, the court finds that plaintiff is entitled to coverage under his step-father's policy and, of course, the liability carrier, but not that of those issued to his grandfather and father.